

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady
Banking Commissioner
Austin, Texas

Dear Mr. Brady:

> Opinion Number O-2890
> Re: Political character of
> the Brazos River Conser-
> vation and Reclamation
> District and related
> questions.

This will acknowledge receipt of your letter requesting the opinion of this department on four questions. The material part of your letter reads as follows:

"The Brazos River Conservation and Reclamation District, created as a governmental agency, a municipality, body politic and corporate, under an Act of the Forty-first Legislature, Second Called Session, has issued bonds pursuant to the laws regulating such district, and both State and National banks are investing in these bonds, and it has now become necessary to determine what restrictions have been placed by law on these bonds as bank investments."

We must assume that you have reference to the $3,000,-000 issue of bonds authorized by the Board of Directors of the Brazos District and which are secured by and payable out of the State taxes granted to the district by the law creating same.

Our opinion is requested on the following four questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

1. "Is said district a municipal corpora-
tion or a district created for school or any
other state or local purpose, within the excep-
tion to Article 554 of the Penal Code of Texas,
as amended?"

2. "Does this district have the sovereign
power of taxation, or power of taxation derived
from the sovereign, including the incidental
power to compel payment?"

3. "Is the State of Texas liable on these
bonds?"

4. "Are bonds issued by said district with-
in the loan limit provided under Section 5136,
U. S. R. S.?"

We shall answer the questions in the order above
set out.

Relative to your first question, Article 554 of the
Penal Code of Texas, as amended, Vernon's Annotated Civil
Statutes, reads, in part, as follows:

"No incorporated bank or trust company,
chartered under the laws of this State, shall
loan its money directly or indirectly or permit
any individual, private corporation, company or
firm, to become, at any time, indebted or liable
to it in a sum exceeding twenty-five per cent
(25%) of its capital stock actually paid in and
surplus * * *. Provided, however, that the word
'corporation' or any other word or term as herein-
above used, shall not be taken to include or to
refer to a municipal corporation, county or any
district created for school or any other State or
local public purpose."

We think there can be no question but that the obli-
gor on a municipal bond is a debtor in the sense contemplated
by the above quoted article, and that, therefore, in the ab-
sence of the proviso underscored in the above quoted Act, the

Honorable Lee Brady, page #3

restriction thereof would apply to the purchase of munici-
pal bonds as an investment by any bank so chartered.  It
seems clear that the above underscored proviso removes the
restriction and would permit of unlimited investment in
municipal bonds; provided, of course, that the issuing poli-
tical subdivision comes within the meaning of the phrase
"municipal corporation, county or any district created for
school or any other State or local public purpose".  The
Brazos River Conservation and Reclamation District was
created by an Act of the Second Called Session, Forty-first
Legislature, compiled as Chapter 13 - Section 2 thereof read-
ing, in part, as follows:

"The Brazos River Conservation and Reclama-
tion District is created as a governmental agency,
a municipality, body politic and corporate, vested
with all the authority as such under the Constitu-
tion and laws of the State; it shall have and be
recognized to exercise all of the powers of such
governmental agency and body politic and corporate,
as are expressly authorized by the provisions of
the Constitution, Section 59 of Article 16 * * *;
and shall have and be recognized to exercise all
the rights and powers of an independent government-
al agency, municipality, body politic and corporate,
to formulate any and all plans deemed essential to
the operation of the district * * *".

We think that Section 1 of this Act, hereinafter
quoted, will sufficiently attest to the fact that said dis-
trict is organized for a State purpose.  Section 1, reads,
in part, as follows:

"It being declared by constitutional pro-
vision the policy of the State of Texas to pro-
vide for the conservation and development of all
the natural resources of the State * * * and the
preservation and conservation of all such natural
resources, are each and all hereby declared policy
rights and duties which may be effected through

the creation within the State or the division of
the State into such number of conservation and
reclamation districts as may be determined to be
essential to the accomplishment of the purposes
of the policy expressed in the Constitution of the
State * * * and functions as may be conferred by
law, there is hereby created the Brazos River Con-
servation and Reclamation District."

In the case of Brazos River Conservation and Reclama-
tion District vs. McCraw, 91 S. W. (2d) 65, the Supreme Court
in an exhaustive opinion upheld the validity of the Act creat-
ing the district, as well as the bonds issued pursuant thereto,
which bonds are secured by a pledge of State taxes donated by
such Act. In referring to the origin and purpose of this type
district, the Supreme Court said that it was basicly a public
enterprise, created by the Legislature for the general govern-
mental purpose of effectuating the object of the conservation
amendment to the Constitution.

We, therefore, conclude, in answer to your first ques-
tion, that the Brazos River District is a "district created for
* * * State public purpose" within the exception to Article 554
of the Penal Code of Texas, as amended.

Answering your second question, we advise that in our
opinion the power of taxation has been conferred upon the Brazos
River Conservation and Reclamation District, and that such power
includes the incidental power to compel payment of such taxes.
However, as will be noted from a reading of the Act creating the
district, the power to levy taxes cannot be exercised until such
proposition shall have been submitted to the qualified property
taxpaying voters of the district and approved by a majority of
such electors voting thereon. Section 10 of the Act creating
the district, reads as follows:

"The Brazos River Conservation and Reclamation
District shall not be authorized to issue bonds, nor
incur any form of continuing obligation or indebted-
ness for purposes of effecting improvements compre-
hended in the plan of organization and administration
of the district, nor incur any indebtedness in the

Honorable Lee Brady, page #5

> form of a continuing charge upon lands or pro-
> perties within the district unless such proposi-
> tion shall have been submitted to the qualified
> property taxpaying voters of the district and
> approved by a majority of such electors voting
> thereon."

Section 4 of Chapter 19 of the Acts of the Regular Session, Forty-fourth Legislature, amending Section 9 of Chapter 13 of the Second Called Session of the Forty-first Legislature, reads, in part, as follows:

> "This district shall have the power to pro-
> vide and maintain improvements for the common
> benefit of said district as a whole, subject
> only in appropriate cases to the constitutional
> and statutory provisions concerning a vote by
> the qualified electors of the district".

We think that from a reading of the foregoing it must be con-cluded that the Legislature has conferred upon the district the power of taxation, subject, of course, to the approval thereof by a majority of the qualified electors voting at an election called for that purpose, and that such power of tax-ation includes the incidental power to compel the payment of taxes levied.

In reply to your third question, we advise that it should be answered in the negative. In the Brazos River Con-servation and Reclamation District case, supra, the question was raised that the Act creating the district constituted an attempt to authorize the Board of the district to create a debt in behalf of the State, or lend the credit of the State in violation of the inhibitory provisions of Sections 49 and 50 of Article 3 of the Constitution. The Supreme Court stated tersely —

> "No debt on the part of the State is to be
> created, nor is the State credit loaned for that
> purpose. These questions are foreclosed in the
> opinion of this court in the case of City of Aran-
> sas Pass vs. Keeling, 247 S. W. 818."

Honorable Lee Brady, page #6

With reference to the fourth question, above quoted, we conclude that to answer same would place us in the position of advising as to the law governing National Banking Associations, which is beyond our proper sphere. Therefore, we do not answer the question.

Trusting that the foregoing is satisfactory, we are

Very truly yours

ATTORNEY GENERAL CF TEXAS

By Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s

APPROVEDDEC 18, 1940

ATTORNEY GENERAL OF TEXAS